UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC LABARGE,<br>KEENAN SANIATAN,<br>TUCKER COCKERLINE, and<br>MICHAEL WASELCHUCK,<br><br>Defendants. | Criminal No. 23cr10245<br><br>Violations:<br><br>Count One: Conspiracy to Commit Stalking Through Interstate Travel and Using a Facility of Interstate Commerce<br>(18 U.S.C. § 371)<br><br>Count Two: Conspiracy to Commit Stalking Using a Facility of Interstate Commerce<br>(18 U.S.C. § 371)<br><br>Count Three: Stalking Using a Facility of Interstate Commerce<br>(18 U.S.C. § 2261A(2)(B))<br><br>Count Four: Stalking Through Interstate Travel; Aiding and Abetting (18 U.S.C. § 2261A(1)(B); 18 U.S.C. § 2)<br><br>Count Five: Stalking Through Interstate Travel; Aiding and Abetting (18 U.S.C. § 2261A(1)(B); 18 U.S.C. § 2) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations and Overview of the Conspiracies

1. Defendant ERIC LABARGE ("LABARGE") was a resident of Hollis, New Hampshire.

2. Defendant KEENAN SANIATAN ("SANIATAN") was a resident of Manchester,

1

New Hampshire, and an acquaintance of LABARGE.

3. Defendant TUCKER COCKERLINE ("COCKERLINE") was a resident of Salem, New Hampshire, and an acquaintance of LABARGE.

4. Defendant MICHAEL WASELCHUCK ("WASELCHUCK") was a resident of Seabrook, New Hampshire, and an acquaintance of COCKERLINE.

5. New Hampshire Public Radio ("NHPR") was a news radio organization that broadcasted throughout New Hampshire, as well as portions of Massachusetts, Maine, and Vermont. In addition to producing radio broadcasts, NHPR employed investigative journalists who published written news stories of public interest, primarily on NHPR's website.

6. Victim 1 was employed as a senior reporter at NHPR and resided in Melrose, Massachusetts. Victim 1 previously resided in, among other places, Hanover, New Hampshire.

7. Victim 2 was employed as a senior editor at NHPR and resided in Concord, New Hampshire.

8. Victims 3 and 4 were the parents of Victim 1. They resided together in Hampstead, New Hampshire.

9. Victims 5 and 6 resided together in Hanover, New Hampshire, in the former home of Victim 1.

10. In March 2022, NHPR published an article on its website authored by Victim 1 and edited by Victim 2 detailing various allegations of sexual misconduct by a former New Hampshire resident and businessman (hereinafter, "Subject 1"). The article garnered significant local and some national media attention.

11. LABARGE was a close personal associate of Subject 1.

12. Beginning in or about March 2022 and continuing through at least May 2022, in response to NHPR's reporting about Subject 1, LABARGE, SANIATAN, COCKERLINE, WASELCHUCK, and others known and unknown to the Grand Jury, agreed to harass and intimidate Victims 1 and 2 – both NHPR employees – and their immediate family members. In furtherance of the conspiracies, and as they had been instructed to do by LABARGE, SANIATAN, COCKERLINE and WASELCHUCK threw large rocks and bricks at the Victims' homes and spray painted the homes with lewd and threatening language. The defendants' conduct caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the Victims.

13. The objects of the conspiracies were to commit stalking through interstate travel and/or using facilities of interstate commerce. The purposes of the conspiracies were to harass and intimidate Victims 1 and 2 and their immediate family members in response to NHPR's reporting about Subject 1, while avoiding law enforcement detection and prosecution.

## COUNT ONE
### Conspiracy to Commit Stalking Through Interstate Travel and Using a Facility of Interstate Commerce
### (18 U.S.C. § 371)

The Grand Jury charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

### Manner and Means of the Conspiracy

15. Among the manner and means by which the defendants carried out the conspiracy were the following:

   a. Identifying addresses associated with the Victims using cell phones and the internet.

   b. Acquiring bricks and red spray paint.

   c. Using cell phones and the internet to obtain driving directions to the Victims' homes.

   d. Traveling from Massachusetts to New Hampshire, and vice versa, to harass and intimidate the Victims.

   e. Offering and paying money and other things of value to induce other members of the conspiracy to harass and intimidate the Victims.

   f. Receiving money and other things of value from other members of the conspiracy in exchange for vandalizing the Victims' homes.

   g. Communicating with each other via cell phones regarding the harassment and intimidation of the Victims.

4

<u>Overt Acts in Furtherance of the Conspiracy</u>

16.    From on or about March 22, 2022, through on or about May 23, 2022, LABARGE, COCKERLINE, WASELCHUCK, and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

*The April Vandalisms*

a.    At approximately 8:03 a.m. on April 22, 2022, LABARGE called COCKERLINE on his cell phone and spoke to him for approximately ten minutes.

b.    On or about that afternoon of April 22, 2022, during an in-person meeting in New Hampshire, LABARGE and COCKERLINE discussed vandalizing the home of Victims 5 and 6 in Hanover, New Hampshire (also Victim 1's former home) with a brick and red spray paint. LABARGE provided COCKERLINE with the victims' address in Hanover.

c.    At approximately 5:26 p.m. on April 22, 2022, COCKERLINE used Google to search for the address of the home of Victims 5 and 6 in Hanover, New Hampshire.

d.    At approximately 5:41 p.m., 5:46 p.m., and 7:44 p.m. on April 24, 2022, COCKERLINE used Google to search for the address of the home of Victims 5 and 6 in Hanover, New Hampshire.

e.    On or about the evening of April 24, 2022, COCKERLINE traveled to the vicinity of the home of Victims 5 and 6 in Hanover, New Hampshire.

f.    On or about the evening of April 24, 2022, COCKERLINE threw a brick through an exterior window of the home of Victims 5 and 6 in Hanover, New Hampshire.

g.    On or about the evening of April 24, 2022, COCKERLINE wrote the word "CUNT" in red spray paint on the exterior of the home of Victims 5 and 6 in Hanover, New Hampshire.

h.  At approximately 7:51 a.m. on April 25, 2022, LABARGE sent the following text message to COCKERLINE: "We good 👍." COCKERLINE responded, "All gravy!"

i.  At approximately 9:31 a.m. on April 25, 2022, LABARGE called COCKERLINE on his cell phone and spoke to him for approximately one minute.

j.  On or about April 25, 2022, LABARGE and COCKERLINE met in Nashua, New Hampshire. During the meeting, LABARGE paid COCKERLINE $500 in cash for vandalizing the home of Victims 5 and 6.

*The May Vandalisms*

k.  At approximately 5:49 p.m. on May 18, 2022, LABARGE called COCKERLINE on his cell phone and spoke to him for approximately fifty seconds.

l.  At approximately 7:00 p.m. on May 18, 2022, COCKERLINE and LABARGE met at LABARGE's residence in Hollis, New Hampshire. During the meeting, LABARGE and COCKERLINE discussed vandalizing Victim 1's home in Melrose, Massachusetts and the home of Victims 3 and 4 in Hampstead, New Hampshire. COCKERLINE, in turn, used Google to search for the addresses of Victim 1 and Victims 3 and 4.

m.  At approximately 6:49 p.m. on May 19, 2022, COCKERLINE sent the following text messages to WASELCHUCK: "Wanna make sum cash? Lil spray paint nd brick through a window $500. I got 2 spots to hit and would like to split the job." At approximately 9:47 a.m. the next morning, WASELCHUCK responded, "I'm down to do that."

n.  At approximately 9:44 p.m. and 9:50 p.m. on May 19, 2022, COCKERLINE used Google to search for the address of Victim 1's home in Melrose, Massachusetts.

o.  At approximately 9:49 p.m. on May 19, 2022, COCKERLINE used Google to search for the address of the home of Victims 3 and 4 in Hampstead, New Hampshire.

p.  At approximately 3:34 p.m. on May 20, 2022, COCKERLINE purchased two bricks at Home Depot in Methuen, Massachusetts. COCKERLINE then traveled from Methuen to Salem, New Hampshire.

q.  At approximately 6:00 p.m. on May 20, 2022, COCKERLINE and WASELCHUCK met in Salem, New Hampshire to discuss vandalizing the homes of Victims 1, 3 and 4. COCKERLINE provided WASELCHUCK with one of the bricks he had purchased from Home Depot and a can of red spray paint.

r.  At approximately 7:35 p.m. and 7:49 p.m. on May 20, 2022, COCKERLINE used Google to search for the address of Victim 1's home in Melrose, Massachusetts.

s.  At approximately 8:09 p.m., 10:18 p.m., and 11:24 p.m. on May 20, 2022, COCKERLINE used Google to search for the address of the home of Victims 3 and 4 in Hampstead, New Hampshire.

t.  On or about the evening of May 20, 2022, COCKERLINE traveled to the vicinity of the home of Victims 3 and 4 in Hampstead, New Hampshire.

u.  On or about the evening of May 20, 2022, COCKERLINE threw a brick at the exterior of the home of Victims 3 and 4.

v.  On or about the late evening of May 20, 2022, COCKERLINE wrote the word "CUNT" in red spray paint on the exterior of the home of Victims 3 and 4.

w.  On or about the evening of May 20, 2022, WASELCHUCK traveled from New Hampshire to the vicinity of Victim 1's home in Melrose, Massachusetts.

x.  At approximately 5:50 a.m. on May 21, 2022, WASELCHUCK wrote the words "just the beginning" in red spray paint on the exterior of Victim 1's home in Melrose, Massachusetts.

y.  At approximately 5:54 a.m. on May 21, 2022, WASELCHUCK threw a brick through an exterior window of Victim 1's home in Melrose, Massachusetts.

z.  At approximately 10:13 a.m. on May 21, 2022, LABARGE sent COCKERLINE the following text messages: "Morning player. Smooth?" COCKERLINE responded, "Relatively."

    aa.    At 8:51 a.m. and again at 9:13 a.m. on May 22, 2022, LABARGE called COCKERLINE on his cell phone and, combined, spoke to him for approximately one minute.

    bb.    At approximately 10:00 a.m. on May 22, 2022, at LABARGE's home in Hollis, New Hampshire, LABARGE paid COCKERLINE $1,000 in cash in connection with the vandalism of the homes of Victims 1, 3 and 4.

    cc.    At approximately 10:57 a.m. on May 22, 2022, after receiving $1,000 from LABARGE, COCKERLINE sent the following text message to WASELCHUCK: "Come thru when you want your paycheck."

17.    From on or about March 22, 2022, through on or about May 22, 2022, in the District of Massachusetts and elsewhere, the defendants,

ERIC LABARGE,
TUCKER COCKERLINE, and
MICHAEL WASELCHUCK,

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit:

    a.    stalking through interstate travel, that is, to travel in interstate commerce with the intent to harass and intimidate another person, and in the course of, and as a result of, such travel, engage in conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotion to distress to a person, specifically, Victim 1 and Victim 1's immediate family members (*i.e.*, Victims 3 and 4), in violation of 18 U.S.C. § 2261A(1)(B); and

    b.    stalking using facilities of interstate commerce, that is, with the intent to harass and intimidate another person, use any interactive computer service, electronic communication service, electronic communication system of interstate commerce,

8

and any other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to a person, specifically Victim 1 and Victim 1's immediate family members (*i.e.*, Victims 3 and 4), in violation of 18 U.S.C. § 2261A(2)(B).

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
Conspiracy to Commit Stalking
Using a Facility of Interstate Commerce
(18 U.S.C. § 371)

The Grand Jury further charges:

18. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

Manner and Means of the Conspiracy

19. Among the manner and means by which the defendant and his co-conspirators carried out the conspiracy were the following:

    a. Identifying addresses associated with the Victims using cell phones and the internet.

    b. Acquiring large rocks and red spray paint.

    c. Using cell phones and the internet to obtain driving directions to the Victims' homes.

    d. Offering and paying money and other things of value to induce other members of the conspiracy to harass and intimidate the Victims.

    e. Receiving money and other things of value from other members of the conspiracy in exchange for vandalizing the Victims' homes.

    f. Communicating with each other via cell phones regarding the harassment and intimidation of the Victims.

Overt Acts in Furtherance of the Conspiracy

20. From on or about March 22, 2022, through on or about May 18, 2022, SANIATAN and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

   a. At approximately 8:44 a.m. on April 22, 2022, SANIATAN used Google to search for the address of the home of Victims 3 and 4 in Hampstead, New Hampshire.

   b. At approximately 8:46 a.m. and 8:53 a.m. on April 22, 2022, SANIATAN used Google to search of the address of Victim 2's home in Concord, New Hampshire.

   c. At approximately 3:02 p.m., 3:08 p.m., 4:03 p.m., 8:13 p.m., and 9:10 p.m. on April 23, 2022, SANIATAN used Google to search for the address of the home of Victims 3 and 4 in Hampstead, New Hampshire.

   d. On or about the evening of April 24, 2022, SANIATAN traveled to the vicinity of the home of Victims 3 and 4 in Hampstead, New Hampshire.

   e. On or about the evening of April 24, 2022, SANIATAN threw a large rock through an exterior window of the home of Victims 3 and 4 in Hampstead, New Hampshire.

   f. On or about the evening of April 24, 2022, SANIATAN wrote the word "CUNT" in red spray paint on the exterior of the home of Victims 3 and 4.

   g. At approximately 11:36 p.m. on April 24, 2022, SANIATAN used Google to search for the address of Victim 2's home in Concord, New Hampshire.

   h. On or about the evening of April 24, 2022, SANIATAN traveled to the vicinity of Victim 2's home in Concord, New Hampshire.

   i. On or about the evening of April 24, 2022, SANIATAN threw a large rock at the exterior of Victim 2's home in Concord, New Hampshire.

  j. On or about the evening of April 24, 2022, SANIATAN wrote the word "CUNT" in red spray paint on the front door of Victim 2's home in Concord, New Hampshire.

  k. At approximately 10:06 a.m. on April 25, 2022, SANIATAN deposited $700 cash into his bank accounts at a bank in Manchester, New Hampshire.

  21. From on or about March 22, 2022, through on or about May 18, 2022, the defendant,

KEENAN SANIATAN,

conspired with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, stalking using facilities of interstate commerce, that is, with the intent to harass and intimidate another person, use any interactive computer service, electronic communication service, electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to a person, specifically Victims 1 and Victim 1's immediate family members (*i.e.*, Victims 3 and 4).

  All in violation of Title 18, United States Code, Section 371.

## COUNT THREE
## Stalking Using a Facility of Interstate Commerce
## (18 U.S.C. § 2261A(2)(B))

The Grand Jury further charges:

22. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment.

23. From on or about April 18, 2022, through on or about April 25, 2022, the defendant,

KEENAN SANIATAN,

did, with the intent to harass and intimidate another person, use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1 and Victim 1's immediate family members (*i.e.*, Victims 3 and 4).

All in violation of Title 18, United States Code, Section 2261A(1)(B).

## COUNT FOUR
Stalking Through Interstate Travel; Aiding and Abetting
(18 U.S.C. § 2261A(1)(B); 18 U.S.C. § 2)

The Grand Jury further charges:

24. The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment.

25. From on or about May 18, 2022, through on or about May 22, 2022, in the District of Massachusetts and elsewhere, the defendants,

**TUCKER COCKERLINE and
ERIC LABARGE,**

traveled in interstate commerce from the Commonwealth of Massachusetts to Hampstead, New Hampshire with the intent to harass and intimidate another person, and in the course of and as a result of such travel, engaged in conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Victim 1 and Victim 1's immediate family members (*i.e.*, Victims 3 and 4).

All in violation of Title 18, United States Code, Sections 2261A(1)(B) and 2.

## COUNT FIVE
Stalking Through Interstate Travel; Aiding and Abetting
(18 U.S.C. § 2261A(1)(B); 18 U.S.C. § 2)

The Grand Jury further charges:

26.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-12 of this Indictment.

27.     On or about May 20, 2022, in the District of Massachusetts and elsewhere, the defendants,

MICHAEL WASELCHUCK,
TUCKER COCKERLINE, and
ERIC LABARGE,

traveled in interstate commerce from the State of New Hampshire to Melrose, Massachusetts with the intent to harass and intimidate another person, and in the course of and as a result of such travel, engaged in conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to Victim 1.

All in violation of Title 18, United States Code, Sections 2261A(1)(B) and 2.

A TRUE BILL.

_Karlas Pentebenios_
FOREPERSON

_Jason Casey_
Jason A. Casey
Torey B. Cummings
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 7, 2023
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn  9/7/23 @ 3:55pm.
DEPUTY CLERK

16