UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 23-cr-10245-IT |
| ) | |
| ERIC LABARGE ) | |
| ) | |
| Defendant ) | |
| ) | |

## DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR RESTITUTION

Defendant Eric LaBarge ("Defendant" or "Mr. LaBarge") submits this Opposition to the Government's Motion for Restitution. The Government contends that New Hampshire Public Radio ("NHPR") is a victim of the offense conduct and is entitled to restitution as a result. For the reasons discussed below, Mr. LaBarge respectfully requests that the Court reject the Government's argument, and decline to require Mr. LaBarge to pay restitution to NHPR.

NHPR does not qualify as a victim under the cyberstalking restitution statute. While Mr. LeBarge harassed and vandalized the homes of NHPR reporters, NHPR was not itself harassed nor did Mr. LaBarge damage NHPR property. *See* 18 U.S.C. § 2264(c) (defining "victim[s]" eligible under that statute). Further, the general restitution statute is equally inapplicable as it limits recovery where the "offense result[ed] in damage to … or destruction of property." 18 U.S.C. § 3663(b)(1). While Mr. LaBarge arguably damaged the safety and security of NHPR, that is not sufficient for NHPR to obtain restitution under the statute. *See United States v. Yung*, 37 F.4th 70, 83 (3d Cir. 2022) (rejecting argument that Georgetown University was entitled to restitution after defendant cyber stalked Georgetown interviewer, even after Georgetown was

1

required to beef up its security system, because the Courts "do not treat safety and security as a property right.").

Further, even if NHPR did qualify for restitution under the cyberstalking restitution statute, which it does not, costs incurred by NHPR to enhance building security following the offense conduct would not fall under the statute. While the special restitution statute for cyberstalking victims is broad, it limits restitution to, among other categories, "losses suffered ... as a proximate result of the offense." 18 U.S.C. § 2264(b)(3)(G). Again, NHPR was never itself harassed, nor did Mr. LaBarge target NHPR. Costs incurred by NHPR to enhance building security are too attenuated from the offense conduct to qualify for restitution under § 2264(b)(3).

Respectfully submitted,

ERIC LABARGE

By his attorney,

/s/ *Michael J. Connolly*
Michael J. Connolly (BBO#638611)
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109
Phone number: (617) 378-4118
mconnolly@hinckleyallen.com

Dated: November 25, 2024

**Certificate of Service**

I, Michael J. Connolly, hereby certify that on November 25, 2024 the foregoing document was filed through the Court's CM/ECF system, which will send notice electronically to all participants registered to receive electronic notice in the case.

/s/ *Michael J. Connolly*
Michael J. Connolly